Filed 12/17/20  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

CURTIS ANDRE WILSON,

     Defendant and Appellant.

E073753

(Super.Ct.No. RIF1604888)

OPINION

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge. Affirmed as modified with directions.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

On remand for resentencing from this court, the trial court declined to strike a prior serious felony conviction enhancement. (Pen. Code, § 667, subd. (a).)[1] In this second appeal, defendant and appellant Curtis Andre Wilson contends that all four former section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1) enhancements must be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.). The People concede. We agree and affirm as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

A jury found defendant guilty of one count of assault with a deadly weapon. (§ 245, subd. (a), count 1.) Thereafter, defendant admitted he had suffered five prior prison terms (former § 667.5, subd. (b)), one prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), and one prior serious felony conviction (§ 667, subd. (a)). The trial court sentenced him to a total term of 17 years in state prison, which consisted of the upper term of four years on the count 1 offense, doubled pursuant to the prior strike conviction; a consecutive five years for the prior serious felony conviction enhancement (§ 667, subd. (a)); and one year on each of the four prior prison terms enhancements (former § 667.5, subd. (b)).[3] (*Wilson I*, *supra*, E070348.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On February 13, 2020, we granted defendant's request for this court to take judicial notice of the record in *People v. Wilson* (Apr. 24, 2019, E070348) (nonpub. opn.) (*Wilson I*), defendant's appeal of the judgment. We derive much of our procedural history from the opinion in that case. Because the facts of the case are irrelevant to the issue on appeal, we have omitted a statement of facts.

In his first appeal, defendant contended the matter should be remanded for resentencing pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) for the trial court to exercise its discretion as to whether to strike the prior serious felony conviction enhancement. In an unpublished opinion filed April 24, 2019, we agreed and remanded the matter for the purpose of allowing the trial court to exercise its newly found discretion. (*Wilson I*, *supra*, E070348.) On August 23, 2019, the trial court declined to strike the prior serious felony conviction enhancement.

In the current appeal, defendant contends that pursuant to Senate Bill No. 136, all four of his prior prison term enhancements must be stricken. The People concede the issue. We agree.

## II. DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a). [Citation.] Effective as of January 1, 2020, Senate Bill No. 136 . . . amend[ed] section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

---

[3] The trial court struck the fifth prior prison term, since it was based on the same offense as the prior serious felony enhancement. (*Wilson I*, *supra*, E070348.)

"By eliminating section 667.5, subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent in Senate Bill No. 136 . . . to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses. [Citation.] Therefore, we conclude, and the parties agree, that under the *Estrada*[4] rule, Senate Bill No. 136's . . . amendment to section 667.5, subdivision (b) applies retroactively to all cases not yet final as of its January 1, 2020, effective date." (*People v. Jennings*, *supra*, 42 Cal.App.5th at p. 682; accord *People v. Herrera* (2020) 52 Cal.App.5th 982, 995-996, review granted Oct. 14, 2020, S264339.)

"'In criminal actions, the terms "judgment" and "'sentence'" are generally considered "synonymous" [citation] . . . .' [Citation.] There can be 'no "judgment of conviction" without a sentence.' [Citation.] Thus, for purposes of *Estrada*[5] retroactivity, the focus is not on when a conviction becomes final but rather when the sentence imposed on that conviction becomes final. [Citation.] A sentence becomes final 'when all available means to avoid its effect have been exhausted.'" (*People v. Martinez* (2020) 54 Cal.App.5th 885, 891, review granted Nov. 10, 2020, S264848 [directing the trial court to strike two one-year sentence enhancements imposed pursuant to former § 667.5, subd. (b)].)

---

[4] *In re Estrada* (1965) 63 Cal.2d 740.

[5] See footnote 4, *ante.*

Here, none of the criminal convictions leading to defendant's prison sentences, which were alleged as prior prison term enhancements, were based on sexually violent offenses. Moreover, since defendant appealed from an order on resentencing, his judgment was not final. Thus, we shall modify the judgment to strike all four prior prison term enhancements. (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 773 ["[W]here, as here, an enhancement is erroneously imposed and the trial court has already imposed the maximum possible sentence, a remand for resentencing is unnecessary."].)

## III. DISPOSITION

The judgment is modified to strike the four, one-year prior prison term enhancements imposed under former section 667.5, subdivision (b). As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. (*People v. Gastelum*, *supra*, 45 Cal.App.5th at p. 773.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

SLOUGH
J.

MENETREZ
J.